SARAH R. WOLK, ESQ. (SBN 251461)
srw@wolklevine.com
ZACHARY LEVINE, ESQ. (SBN 265901)
zjl@wolklevine.com
WOLK & LEVINE, LLP
535 N. Brand Blvd., Ste. 300
Glendale, CA 91203
Telephone: (818) 241-7499
Facsimile: (323) 892-2324

Attorneys for Plaintiff ALEC FARWELL

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>HERZSTOCK, EDWARD J.<br><br>―――――――――――――――――<br><br>ALEC FARWELL, an individual<br><br>　　　　　Plaintiff,<br>　vs.<br><br>EDWARD J. HERZSTOCK, an individual<br><br>　　　　　Defendant. | Case No. 2:19-bk-12504-BB<br><br>Chapter 7<br><br>Adversary No.<br><br>**COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), AND 523(a)(6); NONDISCHARGEABILITY OF DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A), 727(a)(5), and 727(a)(7); TRUSTEE TO EXAMINE ACTS AND CONDUCT OF DEBTOR; AND VOIDANCE OF CONTRACT** |

Creditor and Plaintiff Alec Farwell complains and alleges against Debtor and Defendant Edward J. Herzstock as follows:

**JURISDICTION AND VENUE**

1. This complaint commences an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure section 7001(6).

2. This is a core proceeding pursuant to 28 U.S.C. sections 157(b)(2)(E), (H), (I), and (J).

3. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. sections 1334(b); 157(a); and 157(b)(2)(E), (H), (I), and (J).

4. Venue for this adversary proceeding properly lies in this judicial district pursuant to 28 U.S.C. section 1409(a) in that this proceeding is relate to a case under Title 11 of the Bankruptcy Code.

**FACTS**

5. Plaintiff and Debtor are co-founders of Revleap Corp. ("Revleap"), a Delaware corporation doing business in the State of California. Revleap used proprietary software to increase positive internet reviews for businesses and mitigate negative ones.

6. Revleap's Certificate of Incorporation filed with the Delaware Secretary of State on November 14, 2013 states that Revleap is authorized to issue one thousand five hundred (1,500) shares of common stock.

7. In or about January 2014, Debtor executed and tendered to Plaintiff a stock certificate that showed Plaintiff owned 1,250 shares of Revleap. Plaintiff performed services for and acted in Revleap's best interests as an owner, and did not receive wages.

8. In or about 2015, Debtor, acting individually and on behalf of Revleap, violated Yelp, Inc.'s terms of service and infringed on Yelp's trademarks. Yelp contacted Debtor and demanded that he and Revleap cease the infringing activity and breaches of their terms of service. Debtor did not inform Plaintiff that Yelp contacted him.

9. In 2015, Yelp filed a civil action against Debtor and Revleap in the United States District Court for the Northern District of California via Case No. 5:15-cv-00693-PSG ("Yelp Case").

10. On or about March 21, 2016, the parties to the Yelp Case reached a settlement agreement that included, *inter alia*, terms that required Debtor and Revleap to cease certain activities and to make certain payments to Yelp.

11. In 2016, Debtor solicited investors for Revleap. In so doing, he made statements to potential invesotrs about the success of Revleap's business, including but not limited to stating that Revleap had over one thousand (1,000) customers and a customer retention rate of over seventy percent (70%) after twelve (12) months with a ninety percent (90%) profit margin. Debtor failed to disclose all, including material, facts about the Yelp Case to potential investors. He stated that the Yelp Case was dismissed and that there were no stipulations, damages, or settlement agreements.

12. Debtor intentionally obtained investments in Revleap based upon fraudulent and incorrect representations, and he did not properly register and qualify Revleap's stock pursuant to California Corporations Code section 25110.

13. On or about August 16, 2016, an investor, Kyle Chasse, requested documents showing Revleap's use of his $27,000.00 investment. Debtor provided Chasse documents with inaccurate and false information.

14. In or about September 2016, Debtor stopped allowing and prevented Plaintiff from participating in and assisting with the operations of Revleap. He denied Plaintiff access to all accounts and business information.

15. In or about September 2016, Debtor willfully caused Revleap to breach the Yelp settlement agreement by, *inter alia*, failing to make required payments. In or about December 2016, Plaintiff made a payment to Yelp for an installment under the settlement agreement from his personal funds.

16. Debtor placed Revleap's property, including but not limited to, social media, merchant accounts, and domain registrations, in his personal name for his personal benefit. He also used and commingled Revleap's funds and assets for his personal benefit, as well as allowing the use of and transferring them to other persons and entities without compensation to Revleap.

17. On February 6, 2017, Plaintiff filed case number BC649430 in the Los Angeles Superior Court against Debtor for derivative claims of breach of fiduciary duty, conversion, and conspiracy; as well as individual claims for declaratory relief, unfair competition under California Business and Professions Code section 17200 *et seq*., injunctive relief, and a request for appointment of a receiver. The case is currently stayed due to Debtor's bankruptcy filing.

18. Debtor has, and continues, to represent to third parties, including on his Schedule A/B in United States Bankruptcy Court case number 2:19-bk-12504-BB, that he is the sole owner and shareholder of Revleap.

19. In February 2019 and approximately a month before Debtor initiated his bankruptcy case, Debtor was deposed in two sessions in Plaintiff's Los Angeles Superior Court case. In said deposition sessions, Debtor contradicted prior declarations and written discovery responses in that case, that were all signed under penalty of perjury. He admitted that he did not, and does not, know what documents and information must be provided to investors in Revleap, and that he did not have an attorney assist him to ensure legal compliance. Furthermore, he stated that he resides in Miami, Florida, not Los Angeles, California as he stated in Schedule A/B in his bankruptcy case; and that his annual income is approximately $250,000.00 and his net worth is more than $1,000,000.00, contrary to his contentions in his bankruptcy schedules. He also stated that he owns a software program other than the one that was used in Revleap that he could sell, but this software is not listed on his bankruptcy schedules as an asset.

20. Since the time that Debtor excluded Plaintiff from all of Revleap's business, he consulted for and was involved in the formation and operation of a business called Revleap International, which had and has the same general business model as Revleap. Debtor licensed Revleap's proprietary software to Revleap International and maintained the profits of that agreement for himself. On information and belief, Debtor also provided other proprietary data and trade secrets of Revleap, such as customer information, to Revleap International. Furthermore, Debtor was paid large sums of money for consulting work for Revleap International after licensing the software.

///

**FIRST CLAIM FOR RELIEF**

Nondischargeability of Debt Against Edward J. Herzstock Pursuant to 11 U.S.C. § 523(a)(2)(A)

21. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20, inclusive, as though fully set forth hereat.

22. Debtor tendered shares of Revleap to Plaintiff to intentionally entice him to act as a co-owner. Plaintiff performed services for the benefit of Revleap and acted in Revleap's best interests.

23. Debtor acted as though he was and represented to other persons and entities that he was and is the sole owner of Revleap. He purposely stole from the company, and benefitted, to the detriment of Plaintiff.

24. Debtor obtained services from Plaintiff with the intent to defraud him and not provide him an ownership interest in Revleap or proper compensation. Thus, pursuant to 11 U.S. C. section 523(a)(2)(A), Debtor's debt to Plaintiff, in an amount according to proof at trial, should not be discharged.

**SECOND CLAIM FOR RELIEF**

Nondischargeability of Debt Against Edward J. Herzstock Pursuant to 11 U.S.C. § 523(a)(4)

25. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20, inclusive, as though fully set forth hereat.

26. Since Debtor was an owner, officer, and director of Revleap, he owed a fiduciary duty to the company and its shareholders, including Plaintiff.

27. Plaintiff willfully withheld information from Plaintiff, purposely prevented him from accessing Revleap's information and operations, and engaged in defalcation of Revleap's assets.

28. Based on the foregoing and pursuant to 11 U.S.C. section 523(a)(4), Debtor's debt to Plaintiff, in an amount according to proof at trial, should not be discharged.

**THIRD CLAIM FOR RELIEF**

Nondischargeability of Debt Against Edward J. Herzstock Pursuant to 11 U.S.C. § 523(a)(6)

29. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20, inclusive, as though fully set forth hereat.

30. Debtor intended to benefit from Plaintiff's services for his own benefit. He also intended to use Revleap's assets for his own use and benefit, and not for Plaintiff's.

31. Debtor knowingly withheld information and access to Revleap from Plaintiff so that he could maliciously use the company for his personal benefit and control the company as he wanted. Debtor acted with willful disregard for the overall well-being and longevity of Revleap.

32. Plaintiff has been injured in an amount according to proof at trial due to Debtor's willful and malicious actions and omissions, and as a result Debtor's debt to Plaintiff should not be discharged.

### FOURTH CLAIM FOR RELIEF

Nondischargeability of Debtor's Estate Pursuant to 11 U.S.C. § 727 (a)(2)(A)

33. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20, inclusive, as though fully set forth hereat.

34. As of his deposition sessions in February 2019 in Plaintiff's Los Angeles Superior Court case, Debtor owned valuable software, was receiving compensation from Revleap International for Revleap's software, was earning an annual salary of approximately $250,000.00, and had a net worth of over $1,000,000.00.

35. These assets were not disclosed in Debtor's bankruptcy filings. Thus he either concealed them or transferred them prior to filing his paperwork to avoid creditors from benefitting from them.

36. Since Debtor concealed or transferred these assets less than a year before he filed for bankruptcy, he should not be granted a discharge under 11 U.S.C. section 727.

### FIFTH CLAIM FOR RELIEF

Nondischargeability of Debtor's Estate Pursuant to 11 U.S.C. § 727 (a)(4)(A)

37. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20, inclusive, as though fully set forth hereat.

38. As of his deposition sessions in February 2019 in Plaintiff's Los Angeles Superior Court case, Debtor owned valuable software, was receiving compensation from Revleap International

for Revleap's software, was earning an annual salary of approximately $250,000.00, and had a net worth of over $1,000,000.00.

39. 11 U.S.C. section 521 requires a debtor in bankruptcy to file a schedule of assets, a schedule of current income, a statement of his financial affairs, a statement of the amount of monthly net income itemized to show how the amount is calculated, and *inter alia*, a statement disclosing any reasonably anticipated increase in income over the next twelve (12) month period following the date of the filing of the bankruptcy petition.

40. The assets Debtor described in his February 2019 deposition sessions were not disclosed in Debtor's bankruptcy filings.

41. Moreover, Debtor stated he resides in Los Angeles, California in his bankruptcy paperwork. In his deposition, he stated that he resides at 3921 Alton Road, #143, Miami Beach, Florida 33140.

42. Debtor's bankruptcy case was filed under oath. Debtor knew his residence, his salary, and of assets that he did not disclose. Thus, he knowingly and fraudulently filed inaccurate documents in his bankruptcy case under oath. As a result, pursuant to 11. U.S.C. section 727(a)(4)(A), Debtor should not be granted a discharge.

## SIXTH CLAIM FOR RELIEF

Nondischargeability of Debtor's Estate Pursuant to 11 U.S.C. § 727 (a)(5)

43. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20, inclusive, as though fully set forth hereat.

44. As of his deposition sessions in February 2019 in Plaintiff's Los Angeles Superior Court case, Debtor owned valuable software, was receiving compensation from Revleap International for Revleap's software, was earning an annual salary of approximately $250,000.00, and had a net worth of over $1,000,000.00.

45. These assets were not disclosed in Debtor's bankruptcy filings, and Debtor did not explain what happened to the assets and why they were not used to pay his liabilities.

46. Thus, pursuant to 11 U.S.C. section 717(a)(5), Debtor should not be granted a discharge.

///

## SEVENTH CLAIM FOR RELIEF

<u>Nondischargeability of Debtor's Estate Pursuant to 11 U.S.C. § 727 (a)(7)</u>

47. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20, 34 through 36, 38 through 42, and 44 through 46, inclusive, as though fully set forth hereat.

48. Debtor is in control, an officer, and director of Revleap.

49. The actions and omissions described in Plaintiff's allegations herein in connection with 11 U.S.C. sections 727(a)(2), 727(a)(4), and 727(a)(5) occurred within one year before the date of the filing of Debtor's bankruptcy petition and concern an insider.

50. Based on the foregoing, Debtor should not be granted a discharge under 11 U.S.C. section 727.

## EIGHTH CLAIM FOR RELIEF

<u>Request For Trustee of Debtor's Bankruptcy Estate to Examine the Acts and Omissions of Debtor Pursuant to 11 U.S.C. § 727(c)(2)</u>

51. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 50, inclusive, as though fully set forth hereat.

52. Plaintiff believes there is a sufficient basis for an in-depth and thorough investigation and examination of Debtor's actions and omissions prior to discharge in his bankruptcy case, so that the Trustee may make an informed decision when determining whether a discharge is appropriate.

53. Plaintiff hereby requests this Court order the Trustee to make such investigation and examination.

## NINTH CLAIM FOR RELIEF

<u>Avoidance of Contract Pursuant to the California Uniform Voidable Transactions Act</u>

54. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 20, inclusive, as though fully set forth hereat.

55. Debtor, purportedly on behalf of Revleap, contracted with Revleap International for the exclusive use and potential sale of Revleap's proprietary software. Said contract required

Revleap International to pay $500.00 per month, and gave it the option to purchase the software outright for $5,000.00.

56. Although the software was owned by Revleap, Debtor acted for his own benefit and interest and kept the money Revleap International paid for the use of the software solely for his personal benefit and gain.

57. Debtor knew that the software was an asset of Revleap, but nonetheless entered into the contract with Revleap International with the intent to defraud his creditors, including but not limited to Plaintiff and Kyle Chasse. Debtor intended to and did reap the benefit of the valuable software in a disproportionate amount to Plaintiff.

58. Debtor knew that $5,000.00 and an exclusive license for $500.00 per month were not reasonable compensation amounts for Revleap's software.

59. According to Debtor's bankruptcy filings, he has over $2,000,000.00 in liabilities. Thus, Debtor entered into the contract with Revleap International for compensation that was not an equivalent value for the exclusive use of the software knowing that he would not be able to pay his debts and that as a direct result his creditors would be harmed.

60. Plaintiff's claims against Debtor concerning Revleap arose before Debtor entered into the contract with Revleap International.

61. Debtor now claims he is insolvent.

62. According to California Corporations Code sections 3439.04, 3439.05, and 3439.07, Plaintiff may obtain an avoidance of the Revleap International contract in order to satisfy Debtor's obligations to him. Additionally, if Revleap International has not yet purchased the software pursuant to the licensing agreement, Plaintiff requests an injunction against further disposition and transfer of the software.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff and Creditor Alec Farwell requests judgment against Defendant and Debtor Edward J. Herzstock as follows:

1. On the First, Second, and Third claims for relief, a judgment against Debtor, a determination that Debtor's debt to Plaintiff is nondischargeable, and punitive damages according to proof at trial;

2. On the Fourth, Fifth, Sixth, and Seventh claims for relief, a judgment against Debtor and determination that Debtor is denied a discharge under 11 U.S.C. section 727;

3. On the Eighth claim for relief, an order that the Trustee examine Debtor's acts and omissions to determine whether a ground exists for denial of a discharge;

4. On the Ninth claim for relief, avoidance of the licensing agreement with Revleap International for Revleap's software and an injunction against the further disposition and/or transfer of said software;

5. For judgment for Plaintiff and against Debtor for damages according to proof at trial;

6. For costs incurred as permitted by law and/or contract;

7. For attorney's fees as permitted by law and/or contract;

8. For interest at the lawful and/or contracted rate;

9. For other relief as this Court may deem just and proper.

Plaintiff also requests a trial by jury.

DATED: June 10, 2019                             WOLK & LEVINE, LLP


                                                 By: /s/ Sarah R. Wolk
                                                 Sarah R. Wolk, Esq.
                                                 Attorneys for Plaintiff ALEC FARWELL